COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Clements
Argued at Richmond, Virginia


DEBORAH M. FICKETT

                                    MEMORANDUM OPINION* BY
v.    Record No. 1393-01-2        JUDGE JERE M. H. WILLIS, JR.
                                       FEBRUARY 26, 2002
GEORGE L. FICKETT


            FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                    Robert G. O'Hara, Jr., Judge

            Jacqueline Waymack (Butterworth & Waymack, on
            brief), for appellant.

            Lawrence D. Diehl for appellee.


     Deborah Fickett contends on appeal that the trial court

erred:  (1) in finding that George Fickett proved her adultery by

clear and convincing evidence; (2) in basing that finding on the

coerced testimony of Rodney Davidson, who had invoked his Fifth

Amendment privilege against self-incrimination; (3) in finding

that adultery was proven by clear and convincing evidence where

the only evidence of adultery during the five-year period prior to

the institution of the suit was merely circumstantial; (4) in

allowing Mr. Fickett to file a cross-bill more than a year after

the bill of complaint and answer were filed and only one week

before the hearing for the entry of a final decree of divorce; (5)

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

in failing to find that a denial of support and maintenance for Mrs. Fickett would constitute a manifest injustice; (6) in failing to award her attorney's fees; and (7) in failing to read or consider Dr. Taylor's deposition, which addressed Mrs. Fickett's medical condition and restrictions.

This case turns on the finding of adultery. The evidence does not support that finding. Therefore, we (1) reverse the award of a divorce on the ground of adultery; (2) reverse the denial of spousal support on the ground of adultery; and (3) remand the case back to the trial court for such further proceedings as may be appropriate.

## I.  BACKGROUND

Deborah and George Fickett were married on August 26, 1977. They separated in October, 1999. During the twenty-two year marriage, Mrs. Fickett was a homemaker. The parties have no children.

Mr. Fickett's mother owned the parties' marital home. Wishing to separate from Mrs. Fickett, Mr. Fickett drafted, on his mother's behalf, an eviction notice that was delivered to Mrs. Fickett on October 28, 1999. As a result of the eviction notice, Mrs. Fickett left the marital home and the parties separated.

On November 29, 1999, Mrs. Fickett filed a bill of complaint seeking, among other things, a divorce and spousal support. On December 6, 1999, Mr. Fickett filed an answer. He

-

asked that spousal support be denied because Mrs. Fickett was capable of full and gainful employment sufficient to meet her needs. On March 26, 2001, with leave of court, Mr. Fickett filed a cross-bill, alleging adultery by Mrs. Fickett and other circumstances that would affect her right to spousal support.

On May 1, 2001, the trial court entered a final decree of divorce, granting Mr. Fickett a divorce on the ground of Mrs. Fickett's adultery and denying Mrs. Fickett spousal support, pursuant to Code § 20-107.1(B). The parties were ordered to pay their respective attorney's fees. Mrs. Fickett appeals that judgment.

## II. ANALYSIS

This case turns on the trial court's finding that Mrs. Fickett's adultery was proved. The evidence does not support that finding. The trial court erred in granting a divorce on that ground. Consequently, all other issues are rendered moot.

To be actionable, adultery must occur within five years before the institution of the suit for divorce and must be proved by clear and convincing evidence. See Code § 20-94; Seemann v. Seemann, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987). To be actionable in this case, Mrs. Fickett's adultery must have occurred, at least, within five years of the filing of the bill of complaint on November 29, 1999.[1]

---

[1] We need not decide, and do not, whether the five-year period terminated upon Mrs. Fickett's filing the original bill

-

The evidence fails to prove that Mrs. Fickett committed adultery subsequent to November 29, 1994. Although she admitted committing adultery with Rodney Davidson in 1992 or 1993, she denied any subsequent adultery. Thus, her admission is insufficient to prove by clear and convincing evidence that she committed adultery subsequent to March 26, 1996.

Davidson's testimony failed to prove actionable adultery by Mrs. Fickett. Initially, he denied having sexual relations with her. During his testimony, when he was asked whether he had had intercourse with her subsequent to March 26, 1996, he asserted his Fifth Amendment privilege against self-incrimination. On cross-examination, he acknowledged that he had admitted to Mr. Fickett's counsel that he and Mrs. Fickett had engaged in sexual relations, but without specifying a time frame. This admission did not admit adultery within the time frame appropriate to this case. Furthermore, Davidson's acknowledgment of his prior inconsistent statement addressed only his credibility, and was not substantive proof of the issue on trial.

Mr. Fickett tendered in evidence a photograph showing Mrs. Fickett lying on a bed wearing only her underwear. Davidson

_____

of complaint on November 29, 1999 or upon Mr. Fickett's filing his cross-bill alleging adultery on March 26, 2001. Assuming, without deciding, that the former reading is correct, the position most favorable to Mr. Fickett, we find the evidence nonetheless insufficient to prove adultery within the required time frame.

-

admitted taking the photograph in 1994.  Mr. Fickett argues that in the light of Mrs. Fickett's proven earlier adultery, the circumstances surrounding the 1994 photograph are sufficient to raise an inference of adultery on that occasion.  However, even if that argument be accepted, the photograph and suggested inferences do not provide proof of adultery subsequent to November 29, 1994, within the actionable time frame.

Actionable adultery by Mrs. Fickett was not proved by clear and convincing evidence.  Thus Code § 20-107.1(B) does not exonerate Mr. Fickett from paying spousal support.  Accordingly, we reverse the award of divorce and the denial of spousal support on the ground of adultery.  We remand this case to the trial court for such further proceedings as may be appropriate.

<u>Reversed and remanded.</u>